O 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

B-00-160

| United States District Court | District Southern District of Texas | |
|---|---|---|
| Name of Movant Benjamin Sosa | Prisoner No. 86446-079 | Case No. 1:99CR00266-1 |

Place of Confinement
Federal Correctional Institution (FCI), Three Rivers, Texas 78071

UNITED STATES OF AMERICA　v.　BENJAMIN SOSA
(name under which convicted)

United States District Court
Southern District of Texas
FILED
OCT 12 2000
Michael N. Milby
Clerk of Court

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  United States District Court, Southern District of Texas, 105 E. 10th St. Brownsville, Tx. 78520

2. Date of judgment of conviction  October 22, 1999.

3. Length of sentence  72 Months

4. Nature of offense involved (all counts)  Ct. I, Conspiracy to transport marijuana.

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐  N/A
   (b) Judge only ☐

7. Did you testify at the trial?  N/A
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

(2)

9. If you did appeal, answer the following:

   (a) Name of court _____ N/A _____

   (b) Result _____ N/A _____

   (c) Date of result _____ N/A _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____ N/A _____

       (2) Nature of proceeding _____ N/A _____

       (3) Grounds raised _____ N/A _____

       _____

       _____

       _____

       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes ☐ No ☐  N/A

       (5) Result _____ N/A _____

       (6) Date of result _____ N/A _____

    (b) As to any second petition, application or motion give the same information:

       (1) Name of court _____ N/A _____

       (2) Nature of proceeding _____ N/A _____

       (3) Grounds raised _____ N/A _____

       _____

       _____

       _____

(3)

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐ N/A

(5) Result _____ N/A _____

(6) Date of result _____ N/A _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐ No ☒
(2) Second petition, etc.   Yes ☐ No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

On and after the trial it was requested by the Movant to his counsel, Lemuel Lopez to file a "Notice of Appeal" Mr. Lopez stated that he had done so. Upon finding out that counsel Lopez for the Movant did not file a "Notice of Appeal" at that point the Movant filed a "Notice of Appeal" which was by this time filed "Out of Time" and the Movant was "Time Barred" in filing his right to a Direct Appeal. (Ineffective assistance of Counsel)

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: (a) Movants plea agreement was induced by the U.S. Prosecutor and counsel, Lopez in the outcome of the consequences. See, Memorandum of Law attached:

Supporting FACTS (state *briefly* without citing cases or law) On Direct Appeal the trial counsel was ineffective because he did not file a Direct Appeal as he stated that he had. (a)(i) and (j). See, attached Memorandum of Law:

B. Ground two: Weight of Movant's conspiracy of fifty (50) pounds and charged with 1,659 pounds in a conspiracy which did not involve Movant.

Supporting FACTS (state *briefly* without citing cases or law): essentially, the core of Movant's charge is reversable because he was under a 5K1.1 cooperative plea agreement and that he and his codefendant both stated that there was "only" fifty (50) pounds of marijuana to be transported and the money agreed upon was $700.00, after overhead the remaining $600.00 was split with his codefendant. See, ATTACHED Memorandum of Law:

C. Ground three: Movant's knowledge of "only" fifty (50) pounds places him in a different criminal history.

Supporting FACTS (state *briefly* without citing cases or law): The facts are clear that Movant's guilt had to have been of the fifty (50) pounds as he was under a 5k1.1 plea agreement and not to tell "all" of the truth would be a reversal. See, Attached Memorandum of Law:

AO 243 (Rev. 5/85)

D. Ground four: N/A

Supporting FACTS (state *briefly* without citing cases or law): N/A

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: N/A

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing  Attorney, Lemuel Lopez, P.O. Box 96, Edinburg, Texas 78540-0096

    (b) At arraignment and plea  Same as stated above:

    (c) At trial  N/A

    (d) At sentencing  Same as stated above:

(e) On appeal _____ N/A _____

(f) In any post-conviction proceeding _____ None _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____ None _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____
    N/A

    (b) Give date and length of the above sentence: _____ N/A _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐  No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____ N/A _____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

9/28/2000
(date)

_____ Benjamin Sosa _____
Signature of Movant
Benjamin Sosa

Pro Se Litigant:

(7)

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

Brownsville Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Respondent, | : <br> : <br> : |
| v. | :  CASE NO. 1:99CR00266-1 |
| BENJAMIN SOSA,<br>  Movant. | : <br> : <br> : |

MEMORANDUM OF LAW IN

SUPPORT OF 28 U.S.C. §2255 MOTION:

COMES NOW the Movant, Benjamin Sosa in proper person pursuant to 28 U.S.C. §2255 Motion to Vacate, Set Aside or Correct Sentence by a person in federal custody, giving this Court jurisdiction over the subject matter, and for good cause the Movant would state the following:

HISTORY OF CASE

1)   On approximately October 22, 1999 Movant was sentenced to 72 months of incarceration in the custody of the Bureau of Prisons and by U.S. Marshals was delivered to the federal correctional institution, Three Rivers (FCI-Three Rivers).

2)   The sentence stems from an indictment involving Movant in a conspiracy to possess a quanity of marihuana to exceed 100 Kilograms in violation of 21 USC §§846 and 841.

3)   Movant entered into a cooperation plea agreement to receive the bottom end of the Sentencing Guidelines and up to one third (1/3) reduction.

ARGUMENT

4)   There are two (2) issues that Movant will discuss herein and will show conflict in both issues entertained during his plea agreement and time of sentencing.

5) First, it must be noted that the Probationer erred in the findings that the Movant's involvement in the conspiracy concerning the weight which is in conflict of fifty (50) pounds that was stated by the Movant and that he had no other knowledge of more or less weight involved. However there was found approximately 754.5 Kilograms, which was well settled that Movant knew of only fifty (50) pounds that he agreed to transport and to be paid seven (7) hundred dollars which he agreed to split with one other codefendant, Alicia Martinez and that Alicia Martinez was the only conspiritor with the Movant, Benjamin Sosa.

6) On the other hand it was also well settled that Sosa had been tricked into believing he was transporting fifty (50) pounds of marjuana and not approximately 1,659.9 pounds of marijuana. This Court believed that Sosa was telling the truth and the entire truth or the U.S.S.G. 5K1.1 would have been withdrawn. Therefore it must stand on its own face value that Sosa was telling the truth about his personal knowledge of only fifty (50) pounds and not 1,659.9. it would be ludicrous to believe otherwise in this case pursuant to a downward departure based on Sosa's truthfulness and not believing he was aware of only the fifty (50) pounds.

7) Movant cannot be held in a conspiracy to prosecute him as culpable to more weight of marijuana than he was able to provide.

8) It is well settled in the Fifth (5th Circuit Court of Appeals that a defendant is accountable for the quanity that he actually knows or could have known about in a drug conspiracy and the actual delivery of what was intended.

-2-

9) Congress, promulgated and enacted a change in the United States Sentencing Guigelines (USSG) Manual which effects Movant's case sub judice, effective November 1, 1995. By deleting §2D1.1, Note 12 and inserting in lieu thereof:

> "In an offense involving an agreement to sell controlled substance, the agreed-upon quanity of the controlled substance shall be used to determine the offense level. e.g. a defendant agrees in a conspiracy to transport 50 pounds of marijuana, the transaction is completed which is more weight than the defendant conspired to transport and he knew of only the 50 pounds. in this example the amount conspired to more accurately reflects the scale of the offense conspired to. Plus, the fact that there was two sets of conspiracies involved, one (1) was the defendant and one (1) other person. Two (2) was a conspiracy that consisted of several other persons that controlled the marijuana and the quanity thereof. If, however, the defendant establishes that he or she did not intend to transport, or was not reasonably capable of transporting the agreed upon quanity of controlled substance, the court shall exclude from the offense level detremination the amount conspired to of controlled substance that the defendant establishes that he or she did not intend to transport or was not reasonably capable in the conspiracy to transport." (emphasis added).

10) This amended "note, 12" effects the Movant in the actual conspiracy that he and Alicia Martinez together conspired to transport 50 pounds of marijuana and split the seven (7) hundred dollars for that single delivery, because of the actual offense of negotiation agreed upon amount in note 12, and to be tricked by a separate set of conspiritors, Pablo Alonzo, Herlinda Valencia, Rene Olivares and Victor Maldonado, which is equivalent to a reverse sting which amounts

to the exact example in USSG, §2D1.1, "Note" 12 in a reverse sting and the quanity that each participant is responsible for such as is the case herein. There was two sets of different conspiritors. The first set was shown on the record that Rene Olivares, Jr., Pablo Alonzo and Rodrigo Quintero was charged with the conspiricy of the full amount found of 1,659.9 pounds, (eventhough Oliveres and Alonzo's charges were dismissed) the conspiracy count of more than fifty (50) pounds against the Movant would be unwarranted as stated in §2D1.1 "Note" 12 Because "only" the other conspiritors were ever aware of the total sum of marijuana and thus, would be equal to a reverse sting because "In an offense involving an agreement" the Movant agreed to move fifty (50) pounds and no more as the record clearly reflects. As noted in paragraph nine (9) herein that the Movant would have to have known that he/she was transporting more than fifty (50) pounds and there is nothing in the record that would support that Movant knew of any more weight than the fifty (50) pounds that he and his "only" codefendant, Alicia Martinez agreed upon to deliver.

11)  As stated in paragraph, #8 that defendant is accountable for the quanity that he actually knows or could have known about in a drug conspiracy and the actual delivery of what was intended. "For sentencing purposes a member of a drug conspiracy is liable for his own acts and the acts of others in furtherance of the activity that the defendant agreed to undertake and that are reasonably forseeable in connection with that activity". U.S.S.G. §1B1.3(a)(1) (Nov 1992); <u>U.S. v. Anderson</u>, 953 F. 2d 1312 (11 Cir. 1992). Thus, to determine a defendant's liability for the acts of others, the district court

must first make individualized findings concerning the scope of criminal activity undertaken by a particular defendant. U.S.S.G. §1B1.3, comment (n. 2); U.S. v. Edwards, 945 F. 2d 1387 (7th Cir. 1991), cert. denied, ___ U.S.___, 112 S. Ct. 1590, 118 L. Ed 2d 308 (1992).

12) Also, it is well settled in this Circuit as well as the Sister Circuit in the 11th Circuit is stated that after clear findings of a defendant's actual participation in a drug conspiracy is established, the court then can determine the drug quanities that is reasonable forseeable in connection with that level of participation. " . . . the sentence may nevertheless be upheld "if" the record supports the amount of drugs attributed to a defendant. U.S. v. Wise, 881 F. 2d 970 (11th Cir. 1989)".

13) To determine the extent of a defendant's liability for the acts of others, with respect to the amount of drugs that will be chargable to the defnedant, "the district court must first make individual findings concerning the scope of criminal activity undertaken by a particular defendant". United States v. Ismond, 993 F. 2d 1498, 1499 (11th Cir. 1993).

14) It is also, well established that a trial court may calculate a quanity of drugs attributable to a defendant for sentencing is subject to clearly erroneous review. United States v. Adams, 1 F. 3d 1566, 1580 (11th Cir. 1993) citing United States v. Robinson, 935 F. 2d 201, 205 (11th Cir. 1991), cert denied, 112 S. Ct. 885 116 L. Ed 2d 789 (1992).

15) Movant argues that this Court erred by failing to find the existence of several conspiracies as opposed to the single

conspiracy charged in the indictment. U.S.S.G. 2D1.1, n. 12, November 1, 1995, implemented that Movant and defendant, Martinez were involved in a conspiracy to transport an undisputed amount of marijuana of no more than 50 pounds. Which in this case "especially" meets with the criteria of what the Sentencing Commission spoke of in the new Amended U.S.S.G. §2D1.1, and which made it clear of what Congress intent to imply of the Statute 18 U.S.C. §3582(b)(3), §3742 under Modification of Sentence. That a defendant can "only" be responsible for that which he took part in or knew or could have known about. The conspiracy that which the Movant was comitted to and collaborate by his codefendant, Alicia Martinez that Movant's conspiracy consisted of "only" fifty (50) pounds of marijuana to transport for another set or group of conspiracies that could not involve him or Martinez and the fifty (50) pounds are all that the Movant can be guilty of and must be his "only" responsibility, because beyond the fifty (50) pounds he could not have known what the actual deliverance would be. Movant could not phantom, speculate or imagine that he could possibly transport more than fifty (50) pounds of marijuana, because that was the agreed upon amount and the agreed upon amount of payment for the fifty (50) pounds of seven hundred dollars ($700.00) which was split with his codefendant, Martinez.

16)  In light of the 5K1.1 and the collaboration of codefendant's collaboration of the fifty (50) pounds to be delivered and no more, the Movant had to tell "all" of the truth.

17)  It is well settled that Movant should have received a base level of 18 points, and even adding one (1) point making a total of 19 points, minus three (3) points for Movants cooperation plea

-6-

agreement to give testimony truthfully and without beleiving all of the Movant's testimony the entire plea agreement would be moot and this case would have need to be reversed on an invilid plea agreement alone.

18) This Court erred in accepting the probationers estimation of Movant's sentence by using the total weight of the entire conspiracy rather than using the correct weight of fifty (50) pounds in which Movant admitted to. Base Level, Zone C-15.

19) There is nothing in the record to support that either of the "Offense Level or the Criminal History Category", are correct. Base Offense Level cannot be more than Zone C-18 minus 3 points for acceptance of responsibility. This is clearly read as 15 points. Which places Movant in Zone C-15 and his Criminal Category History has been pointed on two misdemeanor counts, which places his criminal history category at II, at this juncture he would be eligibile for the bottom range of Criminal History Category II, and Offense Level 15. Which reads as a total of 21 months.

20) For substantial assistance in the Movant's testimony he entered a plea agreement with the understanding that he would not receive more than approximately 16 months. Which if Movant had of known that the prosecution was going to violate the plea agreement, the entire plea agreement would be invilid and he would not have accepted the plea agreement under a higher degree than was agreed to.

21) Taking everything into consideration with Movant receiving 1/3 off pursuant to 5k1.1, a downward departure, his plea agreement had to have been no more than the base level of zone c, making his offense level 15 and not 30 as the error of the probationer

has placed before this Court.

## CONCLUSION

IN CONCLUSION Movant, Sosa has shown this Court that the Probationer did in fact err in his findings and that pursuant to the Movants criminal history and offense level it is easy to read that Movant's points should be in the range of 15 points and at II of his criminal history. Pursuant to Fed. R. Cr. Proc. 32(4)(A) through (G) is erred and invalid in this Court.

Movant submits to this Court that there was two separate conspiracies in this case . One (1) was between Pablo Alonzo, Herlinda Valencia, Rene Olivares and Victor Maldonado. The second conspiracy was between Alicia Martinez and Movant, Benjamin Sosa. As reported the first set of the conspiracies was for the total weight and the second was to transport "only" fifty (50) pound and no more. U.S.S.G. 2D1.1. U.S. v. Ismond, Id. These issues before this Court should be concerned with sentencing issues entitled to review "De Novo". United States v. Robinson, 935 F. 2d 201, 203 (11th Cir. 1991).

This Court should recognize the fundamental scheme of the Movants roll in this entire scenario of the weight involved and his total participation "only" between Alicia Martinez and Movant. Sosa can be held accountable for fifty (50) pounds of marijuana to be transported and no more because he knew of no more.

Finally, the Court should take into consideration and review of the determination of the conspiracy of the quanity of drugs used to establish a base offense level for sentencing purposes under the clearly erroneous standards. United States v. Robinson, 935 F. 2d 201 205 (11th Cir. 1991), citing United States v. Chotas 935 F. 2d 897

(11th Cir. 1991); <u>United States v. Davis</u>, 902 F. 2d 860, 861 (11th Cir. 1990).

Also, this Court should take into consideration that this Circuit agrees with the Movant and that he is actually responsible for "only" of the quanity that he could have possibly known of. Which Movant submits to this Court that on its own face value he could not be chargeable for more than the fifty (50) pounds of marijuana, because the record states this and his codefendant, Alicia Mattinez states this. The record shows that Movant was not aware of there ever being more than his or Martinez's fifty (50) pounds in any event of what the other defendants' conspired to transport or was capable of producing. <u>United States v. Anderson</u>, 953 F. 2d 1312 (11th Cir. 1992); <u>United States v. Edwards</u>, 945 F. 2d 1387 (7th Cir. 1991) <u>cert</u>. <u>denied</u>, ___U.S. ___, 12 S. CT. 1590, 118 1. Ed 2d 308.

### RELIEF SOUGHT

WHEREFORE, for the foregoing grounds and reasons the Movant request this Court to enter an Order in review to the application of the law to sentencing issues subject to De Novo under the U.S.S.G. amended §2D1.1 n. 12, and give Movant relief accordingly with respect to the quanity of marijuana that he could be reasonable held responsible for. Which with all facts taken into consideration was no more than the fifty (50) pounds of marijuana that he did agree to transport.

*Benjamin Sosa*
Benjamin Sosa

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion pursuant to 28 U.S.C. §2255 and attached Memorandum of Law in Support of 28 U.S.C. §2255 Motion has been Provided by U.S. first class mail to: Mr. Jody Young, Assistan United States attorney, 600 E. Harrison St. #201, Brownsville, Texas 78520-7155.

Executed this 28th day of September, 2000.

*Benjamin Sosa* (signature)
Benjamin Sosa
86446-079, L.O.1.
Federal Correctional Institution
P.O. Box 4200
Three River, Texas 78071

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

## DECLARATION IN FORMA PAUPERIS

I the Declarant, Benjamin Sosa do state that I am of sound mind and that I am above the age of twenty one (21). That the following statement is true and correct to the best of my knowledge.

I state as true and correct to the best of my knowledge that I own no real properties, houses, land, businesses of any kind. That I own no automobile, stocks, bonds or any other types of financial means. That I have no bank account or no monies in any savings anywhere. I have no trust funds (other than that within the Bureau of Prisons, which does not amount to more than one dollar ($1.00) and has not risen over thirty dollars ($30,00) at any one time in the past. That I am completely indigent and own nothing of value.

I, Benjamin Sosa have stated the foregoing as true and correct pursuant to title 28 U.S.C §1746

Executed this 28th day of September, 2000.

Benjamin Sosa
86446-079, L.O.1.
Federal Correctional Institution
P.O. Box 4200
Three Rivers, Texas 78071