7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent, | § | |
| | § | |
| vs. | § | C.R. NO. B-99-266 |
| | § | |
| BENJAMIN SOSA | § | |
| Petitioner. | § | |
| (C.A. NO. B-00-160) | § | |

**RESPONSE AND MOTION TO ORDER HEARING ON
MOTION FOR RELIEF UNDER 28 U.S.C. §2255**

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, "the government" files this response and motion to order for hearing under 28 U.S.C. §2255 filed by Benjamin Sosa (Sosa) and in support thereof would respectfully show the court the following:

I.

**JURISDICTION**

A. <u>Procedural history</u>.

Sosa was indicted in the United States District Court for the Southern District of Texas on June 21, 1999. In the indictment, Sosa was charged with conspiracy to possess with intent to distribute a controlled substance and with possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§846, 841(a)(1),

and 841)(b)(1)(B) (DOC 1)[1]. On July 21, 1999, Sosa plead guilty to the conspiracy count pursuant to a written plea agreement (DOC 76, 77). A PSR was prepared, scoring Sosa at a Base Offense level of thirty (30), based upon a finding he was accountable for 1,659 pounds of marihuana. This amount reflects the amount of marihuana contained within the pick up truck Sosa was towing when arrested (PSR ¶ 20, 21, 33). Sosa objected to this finding, arguing that he only agreed to transport 40-50 pounds of marihuana, that his transportation of 1,659 pounds was unforeseeable to him and therefore should not be included within his relevant conduct (DOC 121). The PSR also scored him at criminal history level II, based in part upon his being on probation at the time of the commission of the instant offense. Sosa objected to this finding, arguing that his probation had been extended due to his non-payment of probation fees (DOC 121). On October 19, 199, the government moved to reduce Sosa's sentence by 1/3 based upon his substantial assistance (DOC 127). On October 22, 1999, Sosa's sentencing hearing was held. Sosa's objections were overruled. The district court granted the government's motion for reduction of sentence. Sosa was sentenced to seventy-two (72) months imprisonment, to be

---

[1]The first number in the DOC cite relates to the number given the document in the criminal docket sheet. The second number within the DOC cite relates to the page number of the document. PSR is the pre-sentence investigation report. PSR.Add. refers to the addendum to the PSR.

followed by a four-year term of supervised release (DOC 128). Following his sentencing hearing, the district court admonished Sosa of his right to appeal along with the ten-day deadline to file notice of appeal (DOC 128). The judgement was entered on November 4, 1999 (DOC 132).

On July 28, 2000, Sosa filed a "Motion to Appeal in Forma Pauperis" with the district court (DOC 139). Citing a lack of jurisdiction, the district court struck Sosa's motion (DOC 140). On August 17, 2000, a certified copy of the motion was forwarded to the Fifth Circuit. On September 11, 2000, the Fifth Circuit dismissed his appeal, as his notice of appeal was untimely (DOC 141). *United States v. Benjamin Sosa*, No. 00-40953.

On October 12, 2000, Sosa timely filed the instant petition under 28 U.S.C. §2255.

B. <u>Basis of jurisdiction</u>

Sosa invoked this Court's jurisdiction under 28 U.S.C. §2255. In his petition, he complains that his attorney not only failed to follow his explicit instructions to file notice of appeal, but that his attorney falsely advised him that notice of appeal had been filed on his behalf. Sosa also mimics his original objections to the PSR, complaining that the probation officer erred in finding Sosa responsible for 1,659 pounds of marihuana, when he only agreed to transport 50 pounds and 1,659 pounds

3

was not foreseeable to him. Sosa also complains that he should have been scored in criminal history Category I. Sosa also complains that his plea was involuntary as he was "induced" to plead guilty by his attorney and the U.S. Attorney under the understanding that he would not be sentenced to more than sixteen (16) months imprisonment (Petition p. 7).

Although Sosa seeks substantive relief from the alleged guideline errors, guideline errors are not cognizable under §2255. Assuming the verity of Sosa's complaints, the only relief available to him would be the restoration of his right to appeal. The basis of this relief would be under jurisprudence governing "ineffective assistance" of counsel.

This Court is properly vested with jurisdiction under 28 U.S.C. §2255 for Sosa' claims of ineffective assistance of counsel and for his "involuntary" plea.

II.

## FACTS UNDERLYING THE CONVICTION AND SENTENCE

A. <u>Sentencing: October 22, 1999</u>.

On October 22, 1999, Sosa' sentencing hearing was held. The district court denied Sosa's objections to the PSR, and sentenced Sosa to seventy-two (72) months imprisonment to be followed by a four-year term of supervised release (Docket entry

4

128). Following the assessment of punishment, the district court admonished Sosa of his right to appeal and of the ten-day deadline for the filing of notice of appeal (DOC 128).

## III.

## **MOTION FOR HEARING**

A. <u>Sosa's factual claims and ground for relief</u>.

   1. <u>Ineffective assistance</u>

Sosa raises the complaint of ineffective assistance of counsel. He proceeds from the proposition that he directed his attorney to file notice of direct appeal and his attorney failed to do so. Furthermore, Sosa claims that his attorney falsely advised him that the attorney had in fact filed notice of appeal on Sosa's behalf. His trial attorney has provided an affidavit regarding the matter. It is attached as Attachment A. In it, the trial counsel testifies that he explained the nature of Sosa's appellate rights, and discussed his right to appeal at length. After which discussion, Sosa decided not to appeal. His trial counsel has also indicated that Sosa never directed him to file a notice of appeal, nor did he advise Sosa that he had filed a notice of appeal on Sosa's behalf. The record thus belies Sosa's claims.

However, as Sosa's instant claim requires a credibility analysis by the court, prudence would dictate an evidentiary hearing on the matter. *United States v. Giacomel*, 153 F.3d 257, 258 (5th Cir. 1998).

a. <u>Legal principles guiding resolution of the ineffective assistance claim</u>.

Ineffective assistance of counsel claims are generally reviewed under the now well-established *Strickland* standard: "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega*, _ U.S. _, 120 S.Ct. 1029, 1034 (2000). To succeed on such a claim, a petitioner must first show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 1064. The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" and the reviewing court "must strongly presume that counsel has exercised reasonable professional conduct." *United States v. Samples,* 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

Although "ineffective assistance" claims under *Strickland* typically require the petitioner to demonstrate prejudice as a result of counsel's deficiency, in the context

6

of Sosa's claim, the only prejudice required is the loss of the right to appeal. *Rodriguez v. United States*, 89 S.Ct. 1715, 1717 (1969).

Here, the government believes the record will demonstrate that, understanding fully his right to appeal, Sosa made a deliberate decision not to appeal prior to the expiration of his ten-day deadline. As the attachment reveals, Sosa was advised by his attorney shortly after sentencing of his right to appeal. Sosa reportedly advised his counsel that he did not wish to appeal. Consequently, Sosa's counsel neither filed notice of appeal, nor advised Sosa that he had done so. In further indication that Sosa did not intend to appeal, Sosa waived his right to appeal at the time of his plea (DOC 77, ¶ 10).

If the final record reveals that Sosa did not direct his trial counsel to file notice of appeal, Sosa's claim fails on this point. If the court concludes Sosa did direct his trial counsel to file notice of appeal within the time period provided, Sosa's right to appeal should be reinstated. *United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999), *United States v. Gipson*, 985 F.2d 212, 216 (5th Cir. 1993).

A §2255 motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. § 2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court

cannot resolve the allegations without examining evidence beyond the record, such as a credibility analysis, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

2. <u>Involuntary plea.</u>

Sosa alleges that he was induced to plead guilty by his attorney and the Assistant U.S. Attorney with the understanding that he would receive no more than sixteen (16) months imprisonment.

a. <u>Legal Principles Guiding Review of Involuntary Plea.</u>

Sosa's first hurdle is that of "cause and prejudice". *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1977)(holding "plain error" incorrect standard for §2255 and requiring "cause and prejudice" standard). Sosa must first show cause that would excuse his failure to raise this claim on direct appeal and actual prejudice from the error that he now alleges. The motion should be denied and dismissed under Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as he offers insufficient cause and prejudice for obtaining review on collateral attack. *See, e.g., United States v. Shaid*, 937 F.2d 228, 231-32 & n.7 (5th Cir. 1991)(en banc)(constitutional or jurisdictional issue reviewable for first time on collateral attack only if the movant

demonstrates cause for his procedural default and actual resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 [5th Cir. 1992]) which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to [the Petitioner] at the prior occasion, and ineffective assistance of counsel in the constitutional sense." *Id.* The "cause" proffered by Sosa was that his attorney failed to follow his instructions and failed to file notice of appeal on Sosa's behalf. If Sosa fails to demonstrate this "cause" his claim fails on this basis. Similarly, Sosa inferentially alleges that he suffered "prejudice" as a result, in that he would not have plead guilty had he understood the government

9

was going to violate the plea agreement. Again, Sosa fails to establish this factor, unless he establishes that the government engaged in deception at the plea resulting in a 'involuntary' plea.

A plea resulting from government deception, unfulfilled promises or upon a false premise is constitutionally infirm as involuntary. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). Although the government contests Sosa's factual claims, even if the government predicted a guideline level based upon a 'relevant conduct' finding of 50 pounds of marihuana as to Sosa, that would not make his plea involuntary. Even if the government stipulated within the plea agreement (which is not the case here) that Sosa's relevant conduct is limited to 50 pounds, that would not cause his plea to be involuntary. *United States v. Shacklett*, 921 F.2d 580, 583 (5th Cir. 1991). In the context of a non-binding plea agreement, promises by the government, bind only the government, not the court. As the written plea agreement reveals, Sosa understood he was facing a minimum sentence of five (5) years and a maximum sentence of forty (40) years (DOC 77). Although not produced by Sosa, if the district court followed its normal procedure, Sosa would have been admonished as to the maximum sentence he faced, forty (40) years, during his re-arraignment. The written plea agreement clearly cited that Sosa was pleading to conspiracy to possess with an intent to distribute in excess of 100 kilos,

belying his claim he believed he was only pleading to 50 pounds. The written factual basis for the plea appended to the written plea agreement cited that Sosa had been arrested for transporting 1,659 pounds of marijuana. The agreement further admonished Sosa that the ultimate sentence was within the discretion of the court and would be determined by application of the sentencing guidelines (DOC 77, ¶ 8, 9). Sosa was further admonished that any prediction of his sentence is only a prediction and is not a promise. Although not binding on collateral review, interestingly, Sosa agreed to waive his right to appeal (DOC 77, ¶ 10). Furthermore, Sosa's attorney, Lemuel Lopez, having reviewed Sosa's claims, denies having induced Sosa to plead guilty (Attachment A).

3. <u>Legal Principles Guiding Review of Erroneous Guideline Application under 2255.</u>

Allegations relating to misapplication of the sentencing guidelines are not reviewable under §2255. *Kinder v. Purdy*, 222 F.3d 209, (5th Cir. 2000), *United States v. Williamson*, 183, F.3d 458, 462 (5th Cir. 1999).

The government prays that the court hold an evidentiary hearing on whether Sosa directed his attorney to file notice of appeal.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

By: _____

Mark M. Dowd
Assistant United States Attorney
TX Bar No. 06070500
SD Tex ID No. 9314
600 E. Harrison, # 201
Brownsville, TX 78520
(9563) 548-2554

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, do hereby certify that a copy of the foregoing Respondent's Motion to Dismiss Motion to Vacate Sentence has been mailed on this the 20th day of February, 2001, via certified mail, return receipt requested to Mr. Mr. Benjamin Sosa, Reg. No. 86446-079, FCI Three Rivers, P.O. Box 4200, Three Rivers, Texas 78071

_____
Mark M. Dowd
Assistant United States Attorney

STATE OF TEXAS         §

COUNTY OF HIDALGO      §

    BEFORE ME, the undersigned authority on this day personally appeared LEMUEL LOPEZ, who after being duly sworn upon his oath stated as follows:

    "I am over the age of 18 years and am fully competent to make this affidavit. I am the attorney that represented Benjamin Sosa in a possession and conspiracy charge in the United Stated Federal Court in Brownsville, Texas in Cause No. B-99-266-01.

    Benjamin Sosa was sentenced on October 22, 1999. Shortly after sentencing and before the deadline for the appeal, I visited with Mr. Sosa at the Cameron County jail. I explained to him what an appeal was and that he had the right to appeal the judge's decision. Mr. Sosa told me that he did not want to file an appeal.

    I never told Mr. Sosa that I had filed an appeal.

    Additionally, I did not induce Mr. Sosa to plead guilty to the charge. I advised Mr. Sosa of his options and he chose to plead guilty.

    I state that the allegations contained in this affidavit are to my knowledge true and correct."

_____
LEMUEL LOPEZ

SUBSCRIBED AND SWORN TO BEFORE ME by LEMUEL LOPEZ on this 16th day of February, 2001, to certify my hand and seal of office.

_____
NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

[Notary Seal: JOSE M LOPEZ, NOTARY PUBLIC, State of Texas, Comm. Exp. 04-15-2003]

ATTACHMENT A