18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 1 8 2001

Michael N. Milby, Clerk of Court
by Deputy Clerk

| | | |
|---|---|---|
| BENJAMIN SOSA<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-00-160<br>(CR. NO. B-99-266-01) |
| UNITED STATES OF AMERICA<br>Respondent. | §<br>§<br>§ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

On July 21, 1999, Petitioner Benjamin Sosa plead guilty to violating 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B) ("Conspiracy to Possess with Intent to Distribute a Controlled Substance").[1] He was then sentenced to 72 months of imprisonment, followed by a four-year term of supervised release.[2] Sosa now requests that this Court vacate his sentence pursuant to 28 U.S.C. § 2255. In his petition, Sosa alleges (1) that he was improperly induced to sign a plea agreement by his counsel and the prosecutor; (2) that his counsel provided ineffective assistance by falsely advising him that a notice of appeal had been filed on his behalf; (3) that he was convicted for conspiring to possess 1,659 pounds of marijuana, but thought he had only plead to charges of conspiring to possess 50 pounds of marijuana; and (4) that he should have received a shorter sentence because he had only

---

[1] *See United States of America v. Benjamin Sosa*, CR. NO. B-99-266-01, Pleading No. 77 at 5.

[2] *See United States of America v. Benjamin Sosa*, CR. NO. B-99-266-01, Pleading No. 128 at 1.

1

agreed to transport 50 pounds of marijuana.[3] During a hearing held to clarify the nature of his claims, Sosa recanted some of his written claims and stated that someone else had prepared his Petition for him.[4] Sosa retracted his claims that he was improperly induced to sign a plea agreement, and that his counsel provided ineffective assistance. Sosa then admitted that the only reason he had filed a § 2255 Petition was because he thought that he should have received a reduced sentence. Specifically, Sosa stated (1) that he should have received a "minimal participant" reduction in his sentence because he did nothing more than transport the marijuana, and (2) that he should have received a lower sentencing level score because he had only agreed to transport 50 pounds of marijuana.[5]

## LEGAL ANALYSIS

For the sake of finality, this Court will address Sosa's current and recanted claims. First, Sosa's Petition argued that he was induced to plead guilty to possessing 1,659 pounds of marijuana. However, during his evidentiary hearing Sosa admitted that he knowingly and voluntarily plead guilty to possessing the entire 1,659 pounds of marijuana.[6] Second, Sosa's Petition stated that his counsel falsely informed him that a notice of appeal had been filed on his behalf. However, during the hearing, Sosa admitted that he had waved his right to appeal.[7] At the hearing, Mr. Lemuel Lopez,

---

[3] *See Benjamin Sosa v. United States of America*, CA. NO. B-00-160, Pleading No. 1 at 4.

[4] *See Benjamin Sosa v. United States of America*, CA. NO. B-00-160, Pleading No. 11 at 14 (*containing* Evidentiary Hearing Transcript).

[5] *Id.* at 2.

[6] *Id.* at 12.

[7] *Id.* at 7.

Sosa's counsel, acknowledged that he had represented Sosa. In his sworn affidavit, Mr. Lopez stated:

> Benjamin Sosa was sentenced on October 22, 1999. Shortly after sentencing and before the deadline for appeal, I visited with Mr. Sosa at the Cameron County jail. I explained to him what an appeal was and that he had a right to appeal the judge's decision. Mr. Sosa told me that he did not want to file an appeal. I never told Mr. Sosa that I had filed an appeal. Additionally, I did not induce Mr. Sosa to plead guilty to the charge. I advised Mr. Sosa of his options and he chose to plead guilty.[8]

After hearing the affidavit read, Sosa admitted that his counsel had provided effective assistance.[9]

With respect to Sosa's remaining claims, Sosa has failed to demonstrate that he is entitled to relief. First, Sosa cannot obtain relief for the alleged sentencing guideline level errors because such errors are not cognizable under § 2255.[10] The Sentencing Court considered Sosa's current sentence reduction arguments prior to imposing his sentence. The Court overruled Sosa's objections that he was a minimal participant, and that he should only be held responsible for 50 pounds of the captured marijuana.[11] This Court does not have the authority to second guess the Sentencing Court's judgment.[12]

The Fifth Circuit has held that "sentencing court[s] may make an approximation of the amount

---

[8] See Benjamin Sosa v. United States of America, CA. NO. B-00-160, Pleading No. 10 (containing Exhibit No. 1, affidavit of Lemuel Lopez).

[9] Supra FN4 at 12-13.

[10] United States v. Segler, 37 F.3d 1131, 1134 (5th Cir.1994); See United v. Faubion, 19 F.3d 226, 233 (5th Cir.1994) (holding that "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable.").

[11] See United States of America v. Benjamin Sosa, CR. NO. B-99-266-01, Pleading No. 145 at 5 (containing Sentencing Hearing Transcript).

[12] Supra FN10

of marijuana reasonably foreseeable to each defendant, and an individual dealing in large quantities of controlled substances is presumed to recognize that the drug organization with which he deals extends beyond his 'universe of involvement.'"[13] "When calculating the amount foreseeable to a defendant, a court may consider the defendant's relationship with co-conspirators and his role in the conspiracy."[14] In this case it is clear that the Sentencing Court had plenty of evidence to support its rulings. Even before this Court, Sosa's testimony regarding his involvement and participation in the conspiracy lacked credibility. During his second evidentiary hearing,[15] Sosa contradicted himself repeatedly and admitted that he was testing every argument he could to get out of prison because he thought his sentence was unfair in its severity.[16]

Consequently, this Court finds that Sosa's claims are frivolous in their entirety and recommends that his § 2255 Petition be denied.

## RECOMMENDATION

For the reasons given above, it is recommended that Sosa's § 2255 Petition be denied. A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall

---

[13] *United States v. Thomas*, 963 F.2d 63, 65 (5th Cir.1992).

[14] *United States v. Devine*, 934 F.2d 1325, 1338 (5th Cir.1991), *cert denied*, 502 U.S. 1065, 112 S.Ct. 954, 117 L.Ed.2d 121 (1992).

[15] *See Benjamin Sosa v. United States of America*, CA. NO. B-00-160, May 10, 2001 Evidentiary Hearing Transcripts (*following* recent Fifth Circuit precedent requiring representation for § 2255 petitioners during evidentiary hearings, this Court provided Sosa with a second evidentiary hearing so that he could be represented by counsel while clarifying his claims).

[16] *Supra* FN4. at 11-12.

bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas this 15th day of June, 2001.

_____
Felix Recio
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BENJAMIN SOSA | § § | |
| v. | § § | CIVIL ACTION NO. B-00-160 (CR. NO. B-99-266-01) |
| UNITED STATES OF AMERICA | § § § | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. Sosa's § 2255 Petition is hereby DENIED.

DONE in Brownsville, Texas this _____ day of _____ 2001

_____

Hilda Tagle
United States District Judge

6